Martin, J.
delivered the opinion of the court, The petition stated the plaintiff to be the true owner of a tract of land in the parish of Baton Rouge (bounded on one side by the land of the defendant, and on the other by that of Daigre, deceased) of 179 acres or more, having occupied and possessed it for thirty years and upwards, whereby he acquired a legal title *450 by prescription ; that the defendant well . . knowing it, entered illegally, and forcibly, on fourteen and one half acres thereof, of which j,e reta¡ns possession, keeping out the plaintiff, cutting down trees, and doing other injury to the land. The petition concluded with a prayer that the plaintiff might be declared to be the legal ow ner, be restored to his possession, and recover damages.
East’n District.
May, 1822.
The defendant pleaded the general issue, and that he (and not the plaintiff) was the legal and true owner of the premises.
There was judgment for the defendant, and the plaintiff appealed.
The case is before us on a bill of exceptions, viz. :
“ In this case, the plaintiff offered evidence to prove that he was in peaceable possession •and occupation of the land, the subject of the present suit, for more than thirty years; and that it w as forcibly taken possession of by the defendant, in January 1321. The court refused to hear this evidence, because it did not appear that the survey of said land, being the one annexed to the record, was made with notice to the defendant.”
Preston for the plaintiff, Guriy for the defendant.
« To which opinion the plaintiff begs leave to except. R. Lawes, D. J.”
If the survey was made without the know-lege of the defendant, this was a good reason for refusing to admit it as evidence per se. If one was absolutely necessary in the case, it should have been ordered.
If the defendant had desired it, the plaintiff might have been ruled to describe the premises more particularly. The answer, however, shews that the defendant well knew the land claimed.
The evidence offered was relevant and material, and ought to have been heard.
It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, and the case remanded, With diréetions to the judge to proceed to trial, and to allow the plaintiff to introduce the evidence stated in the bill of exceptions. The costs of the appeal to be borne by the defendant and appellee.